UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JESSE MWONGA, § <br> § <br>   *Plaintiff,* § <br> § <br> v. § <br> § <br> PORTFOLIO RECOVERY ASSOCIATES, § <br> LLC, § <br> § <br>   *Defendant.* § | Case No: 3:25-cv-00956-L-BK |

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S**
**PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Portfolio Recovery Associates, LLC (improperly named as Portfolio Recovery) (herein "Defendant") and files Partial Motion for Judgment on the Pleadings as follows[1]:

**INTRODUCTION**

1. Plaintiff filed suit on November 26, 2024, in the Justice of the Peace Court for Harris County, Texas. Doc. 5 at 3-18. On April 4, 2025, Plaitiff filed his amended petition (the "Complaint"), asserting various federal claims for the first time. *Id.* at 27. Defendant subsequently removed this action to federal court on federal questions grounds. Doc. 1.

2. PRA filed on a Partial Motion for Judgment on the Pleadings on April 23, 2025. Doc. 6. Plaintiff did not respond. On May 15, 2025, more than twenty-one (21) days after PRA filed its

---

[1] By filing a partial Motion to Dismiss, Defendant does not waive any arguments as to any other claims asserted by Plaintiff and does not admit to any of the allegations or claims in Plaintiff's Complaint. Further, this Court should extend Defendant's deadline to file an answer on the remaining claims until this Partial Motion to Dismiss has been ruled on. *See Luminati Networks Ltd. v. BI Sci. Inc.*, No. 2:18-CV-00483-JRG, 2019 U.S. Dist. LEXIS 102330, at *2 (E.D. Tex. June 19, 2019) ("the Court agrees with the other district courts in the Fifth Circuit that have adopted the majority rule that filing of a partial motion to dismiss extends the defendant's time to answer the entire complaint") (internal quotations and citations omitted).

1

Motion, Plaintiff filed his Motion For Leave To File First Amended Complaint (the "Motion to Amend") with a copy of his proposed First Amended Complaint (the "Amended Complaint"). Doc. 7. Plaintiff did not meet and confer with counsel for Defendant prior to filing his Motion to Amend.

3. Plaintiff's Amended Complaint sets claims that were addressed in the Partial Motion for Judgment on the Pleadings. Plaintiff also alleges new claims, such a claim for Fraud and RICO claims, that are futile and fail as a matter of law. As many of Plaintiff's amended claims are still invalid or otherwise fail as a matter of law, Plaintiff's Motion to Amend should be denied.

4. Further, Plaintiff has attached two "subpoenas" to his Motion to Amend. This is procedurally improper, in addition to the subpoenas themselves being improper. If Plaintiff wishes to issue subpoenas, Plaintiff should follow the Federal Rules in doing so. These subpoenas should be stricken by the Court. For these reasons, Plaintiff Motion to Amend should be denied.

## ARGUMENTS AND AUTHORITIES

### A. Standard of law.

5. While Rule 15(a) provides that leave to amend must be "freely given when justice so requires," "[i]t is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citing *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of America Co.*, 195 F.3d 765, 771 (5th Cir. 1999)) (further citation omitted). An amendment is futile if the amended complaint would fail to state a claim upon which relief could be granted. *Id*. at 873 (collecting out-of-circuit authority).

### B. Several of Plaintiff's claims would be dismissed under Rule 12(b)(6).

6. PRA previously filed a Partial MTD directed at several of Plaintiff's claims. Doc. 6. The arguments expressed therein are still valid as to Plaintiff's Amended Complaint.

*i. The FCRA claim is still invalid.*

7. As to Plaintiff's FCRA claim in the Amended Complaint, Plaintiff has still failed to plead a valid claim for relief under the FCRA. Doc. 7. Plaintiff simply claims PRA "reported false information to credit bureaus without verifying accuracy after Plaintiff's dispute." *Id*. at 6. This does not set forth a valid claim under 1681s-2(b), as Plaintiff has never alleged any of these disputes went through any credit reporting agency, an essential element of a claim under section 1681s-2(b). *Id*.; *see Gardner v. Portfolio Recovery Assocs., LLC*, Civil Action No. 4:24-cv-00253-O-BP, 2025 U.S. Dist. LEXIS 58573, at *9 (N.D. Tex. Mar. 12, 2025) ("Gardner offers no facts to show that he disputed such an inaccuracy with a CRA, which is a prerequisite to recovery under the act."); *see also* Doc. 6. Therefore, even this amended FCRA claim fails as a matter of law.

   ii.   *Defamation claims are preempted by the FCRA.*

8. As to Plaintiff's defamation claim, this is preempted by the FCRA. *See* Doc. 6. "The FCRA preempts state law defamation or negligent reporting claims unless the plaintiff consumer proves 'malice or willful intent to injure' him." *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 638 (5th Cir. 2002). Plaintiff has not pled any facts that would show malice or willful intent to injure Plaintiff. Doc. 7 at 5-6. As stated in PRA's previously filed motion, Plaintiff's defamation claim is preempted by the FCRA and should be dismissed.

   iii.   *There is no invasion of privacy here.*

9. Plaintiff's invasion of privacy claim is likewise preempted by the FCRA. The FCRA preempts a consumer from bringing certain invasion of privacy claims. *Henderson v. MLSC Holdings, L.P.*, Civil Action No. 3:15-cv-03260-N, 2016 U.S. Dist. LEXIS 203419, at *12 (N.D. Tex. June 15, 2016). Section 1681h(e) provides that a consumer may not bring an invasion of privacy claim "with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency

. . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). As there is no willful or malice intent to injure Plaintiff, this claim fails as a matter of law.

10.　　In Texas, an invasion of privacy claim has two elements: (1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person." *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993). "Texas courts have held that 'intrusion upon private affairs' typically requires either a trespass or an attempt to discover or perceive private information." *Joshua Amin v. UPS*, 66 F.4th 568, 578 (5th Cir. 2023) (citing *Clayton v. Wisener*, 190 S.W.3d 685, 696 (Tex. App.—Tyler 2005) ("The invasion-of-privacy tort is typically associated with either a physical invasion of a person's property or eavesdropping on another's conversation with the aid of wiretaps, microphones, or spying.")).

*11*.　　Plaintiff has not pled any facts that should show an intrusion upon Plaintiff's seclusion that would be highly offensive to a reasonable person. There are no allegations of physical trespass or an attempt to discover or perceive private information. The only claim is that PRA "falsely reporting delinquent debt and disclosing private financial information to third parties." Doc. 7. Reporting information to third parties in accordance with federal statute cannot be the basis for a claim of intrusion upon Plaintiff's seclusion. Further, this is information contained in the records of one or more third parties, specifically the various CRAs, and therefore there cannot be a claim that PRA invaded Plaintiff's privacy as it concerns records maintained by a third party. This claim would be dismissed pursuant to 12(B)6); thus, amendment to add this claim would be futile.

 *iv. Plaintiff has no claim for "Lack of standing and securitization-based fraud"*

12. The Federal Rules require "circumstances constituting fraud" to be pled "with particularity." Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.' Allegations about conditions of the mind, such as defendant's knowledge of the truth and intent to deceive, however, may be pleaded generally." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (citation omitted) (quoting 5 Charles Alan Wright et al., Federal Practice and Procedure § 1297 (1990)).

13. Plaintiff has not plead his fraud claim with particularity. Doc. 7. Plaintiff asserts, in a total of four (4) sentences, that PRA is engaged in widescale fraud regarding the purchase of Capital One accounts, based on Plaintiff's reading of documents Capital One filed with the SEC. *Id*. There are no allegations regarding Plaintiff's specific account, when it was collateralized, or how that effected PRA's ability to purchase it; there are no allegations or citations to any Capital One documents showing Plaintiff's specific account was collateralized and thus unable to be sold. *Id*. Plaintiff's allegations also do not address whether PRA purchased the debt from a "securitization trust" or offer any other allegations as to why PRA's ownership of the debt is invalid. *Id*. As Plaintiff has not pled this fraud claim with particularity, Plaintiff fails to state a claim upon which relief can be granted. Therefore, amendment to add this claim would be futile.

 *v. Plaintiff does not assert a valid RICO claim.*

14. Plaintiff alleges a RICO claim based on "participated in a scheme to defraud Plaintiff and the public by falsely representing ownership of debts that were securitized." Doc. 7. Plaintiff has failed to state a proper RICO claim, which is not surprising considering the difficulty in asserting a valid RICO claim and given Plaintiff's pro se status. *See Gross v. Waywell*, 628 F. Supp. 2d 475,

479-83 (S.D.N.Y. 2009) (conducting survey of 145 civil RICO cases filed in the Southern District of New York from 2004 through 2007, and finding that all thirty-six cases resolved on the merits resulted in judgments against the plaintiffs, mostly at the motion to dismiss stage). Similar to a fraud claim, a RICO plaintiff "must plead specific facts, not mere conclusory allegations, which establish the enterprise." *Montesano v. Seafirst Com. Corp.*, 818 F.2d 423, 427 (5th Cir. 1987)

15.     "Regardless of subsection, RICO claims under § 1962 have three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (quoting *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996)).

16.     Plaintiff has not pled the elements of RICO claim. Doc. 7. Plaintiff has not alleged the existence of a RICO enterprise, a required element of a RICO claim. *Id*. Plaintiff's claim is directed solely at PRA and concerns PRA's regular business activities. "The entity does not have to be a formal or legal entity, but it must have some sort of hierarchical or consensual decision-making structure, and it must exist for purposes other than just to commit predicate acts." *Walker v. Beaumont Indep. Sch. Dist*., 938 F.3d 724, 738 (5th Cir. 2019). Plaintiff only alleges that PRA, in the course of its business, engages in wire fraud (by credit reporting) and mail fraud (by allegedly sending notices on "phantom [sic] debt." Doc. 7, There is no enterprise here, solely PRA. Plaintiff does not allege that any entity other than PRA is part of the alleged RICO scheme and therefore has failed to plead an essential element of a RICO regarding the existence of an enterprise. Thus, Plaintiff's RICO claims fail as a matter of law. There are issues with the remainder of Plaintiff's RICO claim as well, such as Plaintiff's failure to pled any specific facts concerning the alleged wire fraud or mail fraud. Given Plaintiff's lack of pleadings regarding a pattern of racketing

activity or any predicate acts, beyond conclusory statements by Plaintiff, Plaintiff's RICO claim fails as a matter of law.

17.     Plaintiff cannot prevail on his RICO claim. Plaintiff's failure to plead an essential element of the claim warrants denying the amendment, as such amendment would be futile.

   *vi.   There is no basis for declaratory judgment.*

18.     Declaratory judgment is "remedial only." *Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990). The Court may only grant such a remedy "based on an underlying claim." *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 626 (N.D. Tex. 2011). Courts have declined to exercise their discretion to decide declaratory judgment actions where deciding that action would be redundant in light of the affirmative causes of action before the court. Meridian Sec. Ins. Co. v. Morris, No. 5:22-CV-151-RWS-JBB, 2023 U.S. Dist. LEXIS 145377, at *6 (E.D. Tex. Aug. 1, 2023) (citing cases). "A declaratory judgment action is redundant for this reason if resolution of the affirmative claims and counterclaims before the court would resolve all questions that the declaratory judgment action raises." *Id*.

19.     Plaintiff's declaratory judgment claim requests the same relief as the other claims. If Plaintiff prevails on either his FDCPA or FCRA claim, then Plaintiff will receive the same relief as Plaintiff would receive under the declaratory judgment claim. Thus, since it is redundant in light of Plaintiff's other claims, the declaratory judgment claim itself is futile as well.

## CONCLUSION

Plaintiff's Motion to Amend should be denied. First, Plaintiff did not meet and confer on the motion prior to filing it. Second, the claims asserted by Plaintiff in the Amended Complaint are futile and would be dismissed under Rule 12(b)(6). For these reasons, Plaintiff's Motion to Amend should be denied.

Respectfully submitted,

**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mgl.law
JACOB MICHAEL BACH
Texas State Bar No. 24100919
Email: jbach@mgl.law
**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF** system to all parties entitled to notice of the same on this 27th day of May, 2025.

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV