FILED-USDC-NOTX-0A
'25 JUN 3 PM12:35

KM

Jesse Mwonga
1118 Cavalcade Drive
Grand Prairie, TX 75052
Email: jesmwong@yahoo.coM
469-235-8442

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| JESSE MWONGA,<br><br>                    Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES,<br>LLC,,<br><br>                    Defendant | Case No.: 3:25-cv-00956-L-BK<br><br><br>PLAINTIFF'S MOTION FOR LEAVE TO<br>FILE FIRST AMENDED COMPLAINT |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (Local Rule 7.1(h))

TO THE HONORABLE COURT:

NOW COMES Plaintiff JESSE MWONGA and respectfully moves this Court for

leave to file his First Amended Complaint under Rule 15(a)(2), Fed. R. Civ. P.

and in support thereof Plaintiff states:

## I. LEGAL STANDARD

1. Under Fed. R. Civ. P. 15(a)(2), leave to amend should be "freely given when

   justice so requires." See *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fifth

   Circuit has long recognized that "[a] district court must possess a substantial

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

reason to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

## II. AMENDMENT PURPOSE

2.  Plaintiff seeks to:

    o   Clarify and expand upon factual allegations;

    o   Add claims for securitization-based lack of standing;

    o   Add counts under RICO (18 U.S.C. § 1962) and Declaratory Relief (28 U.S.C. § 2201);

    o   Preserve and refine existing FCRA, FDCPA, and Texas Finance Code claims.

3.  This amendment reflects new information and legal theories supported by public SEC filings, Plaintiff's credit disputes, and Defendant's own filings and refusal to verify debt ownership.

## III. LOCAL RULE 7.1(h) CONFERENCE

4.  On May 29, 2025, Plaintiff contacted Defendant's counsel by email to confer regarding this Motion. Defendant formally responded on the same day and opposed the proposed amended complaint for reasons stated in their prior filing. See Exhibit A (email thread attached).

## IV. JUSTICE REQUIRES LEAVE BE GRANTED

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT - 2

5. The proposed amended complaint is not futile and clearly states valid claims under Rule 8(a), with sufficient detail to meet pleading standards—even where Rule 9(b) may apply.

6. Granting leave to amend at this early stage of litigation will promote resolution on the merits and does not unduly prejudice Defendant.

## V. PRAYER

WHEREFORE, Plaintiff respectfully requests the Court:

- GRANT this Motion for Leave to File the First Amended Complaint (Exhibit B);

- ORDER Defendant to file an answer or responsive pleading thereto;

- And grant any further relief as the Court deems just and proper.

Amended Complaint (attached hereto as Exhibit B) and for any further relief deemed just.

Respectfully submitted,
/s/ Jesse Mwonga
**Jesse Mwonga**
1118 Cavalcade Drive
Grand Prairie, TX 75052
jesmwong@yahoo.com
469-235-8442
**Pro Se Plaintiff**

PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT - 3

# EXHIBIT A

**Case 3:25-cv-00956-L-BK     Document 10     Filed 06/03/25     Page 5 of 12     PageID 99**

 Gmail                                                    J Mwonga <jesmwong@gmail.com>

## Meet & Confer – Motion for Leave to File Amended Complaint
6 messages

---

**J Mwonga** <jesmwong@gmail.com>                                    Wed, May 28, 2025 at 4:39 PM
To: Jacob Bach <jbach@mgl.law>
Cc: Laura Monsivais <lmonsivais@mgl.law>

Dear Mr. Bach,

Pursuant to Local Rule 7.1(h), I am reaching out to confer before re-filing my Motion for Leave to File First Amended
Complaint in Mwonga v. Portfolio Recovery Associates, LLC, Case No. 3:25-cv-00956-L-BK.

Please let me know whether your client opposes the relief sought in the forthcoming motion. I will wait 72 hours before
proceeding in accordance with the local rules.

Respectfully
Jesse Mwonga
Pro Se Plaintiff

---

**Jacob Bach** <jbach@mgl.law>                                       Thu, May 29, 2025 at 11:23 AM
To: J Mwonga <jesmwong@gmail.com>
Cc: Laura Monsivais <lmonsivais@mgl.law>

Good morning,

Do you plan to file the same amended complaint? If so, we oppose for the reasons stated in the response
we filed. If you intend to file a different amended complaint, please provide a draft so we can review it prior.
Thanks.

Jacob Bach

Senior Associate

JBach@mgl.law



8750 N. Central Expressway, Suite 1850, Dallas, Texas 75231

D: (214) 346-2634 ▫ O: (214) 346-2630 ▫ www.mgl.law

Unless otherwise indicated or obvious from the nature of this transmittal, the information contained in this e-mail message is confidential and is intended for the
sole use of the intended recipient(s). Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient or an authorized
representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the
information contained herein is prohibited and you are requested to immediately destroy the original e-mail. If you have received this email in error, please
immediately notify the sender by return email and delete this email from your system. Although this e-mail and any attachments are believed to be free of any
virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free
and no responsibility is accepted by Martin Golden Lyons Watts Morgan PLLC for any loss or damage arising in any way from its use.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this
communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal

# EXHIBIT B

Jesse Mwonga
1118 Cavalcade Drive
Grand Prairie, TX 75052
Email: jesmwong@yahoo.coM
469-235-8442

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| JESSE MWONGA, | Case No.: 3:25-cv-00956 |
| Plaintiff, | |
| vs. | FIRST AMENDED COMPLAINT |
| PORTFOLIO RECOVERY ASSOCIATES, LLC,, | JURY TRIAL BY DEMAND |
| Defendant | |

## FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Plaintiff, JESSE MWONGA ("Plaintiff"), pro se, and files this First Amended Complaint against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), and respectfully alleges as follows:

## I. JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1331 as this case arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and RICO, 18 U.S.C. § 1962 et seq.

FIRST AMENDED COMPLAINTJURY TRIAL BY DEMAND - 1

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the events occurred in this District.

## II. PARTIES

3. Plaintiff Jesse Mwonga is a natural person residing at 1118 Cavalcade Dr., Grand Prairie, 75052.

4. Defendant Portfolio Recovery Associates, LLC is a Virginia limited liability company doing business in Texas.

## III. FACTUAL BACKGROUND

5. Defendant attempted to collect a debt allegedly originated by Capital One Bank (USA), N.A between June and November 2024.

6. Plaintiff disputed with an Affidavit of Truth and cease communication notice under 15 U.S.C. § 1692c(c).

7. Despite notice, Defendant continued communication and credit reporting to all major CRAs.

8. Capital One securitized its receivables. PRA never acquired legal title or servicing rights to Plaintiff's debt.

## IV. CLAIMS FOR RELIEF

### COUNT I – FDCPA Violations (15 U.S.C. §§ 1692c, 1692e, 1692f)

9. Defendant continued to contact Plaintiff after receiving a cease communication request in violation of 15 U.S.C. § 1692c(c).

FIRST AMENDED COMPLAINTJURY TRIAL BY DEMAND  - 2

10. Defendant used misleading representations and unfair practices in violation of §§ 1692e and 1692f.

See McMillan v. Collection Prof'ls Inc., 455 F.3d 754 (7th Cir. 2006).

**COUNT II – FCRA Violations (15 U.S.C. § 1681s-2(b))**

11. Defendant reported false information to credit bureaus without verifying accuracy after Plaintiff's dispute.

See Cushman v. Trans Union Corp., 115 F.3d 220 (3d Cir. 1997).

**COUNT III – Texas Finance Code Violations (§§ 392.202, 392.304)**

12. Defendant failed to investigate Plaintiff's dispute and reported false information, violating §§ 392.202 and 392.304(a)(8).

**COUNT IV – Defamation and Invasion of Privacy**

13. Defendant defamed Plaintiff by falsely reporting delinquent debt and disclosing private financial information to third parties with no lawful basis.

**COUNT V – Lack of Standing & Securitization-Based Fraud**

14. Capital One securitizes its credit card receivables through "Capital One Master Trust" and "COMET."

15. Capital One Form 10-K (FY 2023, p. 85):

FIRST AMENDED COMPLAINTJURY TRIAL BY DEMAND  - 3

*"We sell credit card receivables into securitization trusts... which are*

*legally separate from Capital One."*

16. The alleged account, once securitized, was no longer owned by Capital One and

could not be sold to PRA.

17. PRA has failed to produce:

      a. A Pooling & Servicing Agreement (PSA)

      b. Schedule A (loan-level data)

      c. Assignment documents

      d. GAAP accounting entries showing ownership

18. PRA's conduct violates 15 U.S.C. § 1681s-2, FDCPA § 1692e(2), and Texas

Finance Code § 392.304(a)(19) and UCC §§ 3-301 & §§ 9-203.

### COUNT VI – RICO (18 U.S.C. §§ 1962(c), 1964(c))

19. Defendant participated in a scheme to defraud Plaintiff and the public by falsely

representing ownership of debts that were securitized.

20. Predicated acts include:

- Wire fraud (18 U.S.C. § 1343): Using credit reporting and reporting false

  tradelines;

- Mail fraud (18 U.S.C. § 1341): Sending collection notices without lawful

  assignment and misuse of CRA's to collect phantom debt.

FIRST AMENDED COMPLAINTJURY TRIAL BY DEMAND - 4

21. Defendant engaged in a pattern of racketeering activity, and Plaintiff suffered financial and reputational injury as a result.

*See* Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008); United States v. Turkette, 452 U.S. 576 (1981).

## COUNT VII DECLARATORY JUDEGEMENT

22. Plaintiff seeks a declaration that PRA has no legal right to report or collect this debt.

## VIII. RELIEF REQUESTED

Plaintiff seeks:

- Statutory damages under FDCPA and FCRA in the amount of $2,000;

- Actual damages for credit harm, mental anguish, and economic loss. In the amount of $25,000.

- Punitive damages in the amount of $50,000.

- Injunctive relief prohibiting further collection/reporting;

- Declaratory relief establishing PRA's lack of standing;

- Treble damages under RICO;

- Attorneys' fees and costs;

- Any further relief the Court deems just.

FIRST AMENDED COMPLAINTJURY TRIAL BY DEMAND - 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

/s/ Jesse Mwonga

**Jesse Mwonga**

1118 Cavalcade Drive

Grand Prairie, TX 75052

Email: jesmwong@yahoo.com

469-235-8442

**Pro Se Plaintiff**

FIRST AMENDED COMPLAINTJURY TRIAL BY DEMAND  - 6