IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSE MWONGA, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | CASE NO. 3:25-CV-956-L-BK |
| PORTFOLIO RECOVERY ASSOCIATES, | § | |
| LLC, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management.  Before the Court is Defendant Portfolio Recovery Associates, LLC's *Partial Motion to Dismiss*, Doc. 17.  Upon review, the motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff Jesse Mwonga, proceeding *pro se*, brings this lawsuit against Defendant Portfolio Recovery Associates, LLC ("Portfolio Recovery") for unlawful debt collection practices.  Specifically, Plaintiff asserts violations of the Fair Debt Collection Practices Act (FDPA), the Fair Credit Reporting Act (FCRA), the Racketeer Influenced and Corrupt Organizations Act (RICO), the Texas Finance Code, as well as causes of action for defamation, invasion of privacy, and "lack of standing and securitization-based fraud."  Doc. 16.  Mwonga originally brought the action in a Texas state court, and Portfolio Recovery removed it to this Court under federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Doc. 1.  Mwonga then filed an amended complaint.  Doc. 16.

Mwonga alleges that Portfolio Recovery "attempted to collect a debt allegedly originated by Capital One Bank (USA), N.A between June and November 2024." Doc. 16 at 2.  Mwonga further alleges that he "disputed with an Affadavit of Truth and cease communication notice [pursuant to] 15 U.S.C. § 1962c(c)." Doc. 16 at 2.  Mwonga contends that, despite disputing the debt, Portfolio Recovery continued informing consumer reporting agencies of the debt. Doc. 16 at 2.  Mwonga also alleges that "Capital One securitized [Mwonga's] receivables.  [Portfolio Recovery] never acquired legal title or servicing rights to Plaintiff's debt." Doc. 16 at 2.

Portfolio Recovery moves to dismiss Mwonga's FCRA claims, RICO claims, and state law claims under Federal Rule of Civil Procedure 12(b)(6). Doc. 17; Doc. 18 at 1-2.  Mwonga has filed a response in opposition. Doc. 19.

## II. APPLICABLE LAW

### A. Rule 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  A claim is facially plausible when the plaintiff pleads factual content that allows a court to reasonably infer

that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

When reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court, however, is not bound to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678-79. In reviewing a motion to dismiss under Rule 12(b)(6), the Court may only consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Rule 9(b)

Because Mwonga's First Amended Complaint alleges fraud, Mwonga must plead the elements of those claims with the heightened particularity required by Rule 9(b). *See, e.g.*, *Ranieri v. AdvoCare Int'l, L.P.*, 336 F. Supp. 3d 701, 712 (N.D. Tex. 2018). Rule 9(b) requires that "[i]in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."

3

*Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)).  Put simply, Rule 9(b) requires the "who, what, when, where, and how" of the fraud.  *United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

### III. ANALYSIS

#### A.  Mwonga has failed to State a Claim under the FCRA.

Generally, the FCRA provides a private right of action for willful or negligent noncompliance against consumer reporting agencies ("CRA") and furnishers of information. *See* 15 U.S.C. §§ 1681n, 1681o.  "[T]he plain language of Sections 1681n and . . . 1681o, when read in conjunction with Section 1681s-2, expressly provides a consumer remedy for violation by a furnisher of credit information of the obligations imposed under 15 U.S.C. § 1681s-2(b)." *Davidson v. Texan Credit Corp.*, No. 4:24-cv-1172, 2025 WL 1914397, at *2 (N.D. Tex. Apr. 28, 2025) (Cureton, J.), *adopted by* 2025 WL 1625353 (N.D. Tex. June 9, 2025) (internal quotation marks and citation omitted) (alterations in original).  "A plaintiff must prove four elements to recover against a furnisher: (1) the furnisher provided inaccurate credit information about Plaintiff to a CRA; (2) Plaintiff notified a CRA that this information in his or her credit report was inaccurate; (3) the CRA notified the furnisher of the dispute; and (4) after receiving this notice, the furnisher failed to conduct a reasonable investigation and provide notice to the CRA to correct the reporting errors." *OmiagboPhilips v. Digital Fed. Credit Union*, No. 4:23-cv-240, 2024 WL 898914, at *3 (internal quotation marks and citations omitted).

While a private cause of action may exist under § 1681s-2(b), *Carlson*, 259 F. Supp. 2d at 519, Mwonga's § 1681s-2(b) claim should nonetheless be dismissed because he fails to state a claim under that section.  Section 1681s-2(b) requires furnishers of information (like Portfolio Recovery) to investigate disputed debts and report the results of such investigations to consumer reporting agencies (like Experian, Equifax, or TransUnion).  *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002).  However, this duty only arises if the consumer reporting agency first notifies the furnisher of information of a dispute.  *Id.*  Thus, any private right of action Mwonga may have under § 1681s–2(b) would require that consumer reporting agencies had notified Portfolio Recovery that Mwonga disputed the various debts reflected on his credit report.  Put simply, if no consumer reporting agency notified Portfolio Recovery of an inaccuracy or dispute, no § 1681s-2(b) duty is triggered.  *Id.* at 639-40 (holding FCRA claim failed as matter of law because no evidence proved defendant received notice of a dispute from a consumer reporting agency).

Here, Mwonga has failed to allege that any consumer reporting agency notified Portfolio Recovery of an inaccuracy or dispute.  Mwonga asserts in a single sentence that Portfolio Recovery "reported false information to credit bureaus without verifying the accuracy after [Mwonga's] dispute."  Doc. 1 at 3.  However, Mwonga does not allege that he notified a consumer reporting agency.  Instead, Mwonga states only that he disputed the debt directly with Portfolio Recovery.  Doc. 16 at 2.  But "notice of the dispute by the consumer himself does not trigger the information furnisher's duty under § 1681s-2(b)."  *Burress v. Chase Card*, No. 3:19-cv-1198, 2020 WL 1216703, at *3 (N.D. Tex. Feb. 18, 2020) (Rutherford, J.) (collecting cases), *adopted sub nom., Burress v. Card*, 2020 WL 1187175 (N.D. Tex. Mar. 11, 2020).  Accordingly,

because Mwonga has failed to allege that Portfolio Recovery's duties were triggered under § 1681s-2(b), he fails to state a claim under § 1681s-2(b).  *See, e.g., Davis v. World Fin. Network Nat'l Bank*, 2009 WL 4059202, at *4 (N.D. Tex. Nov. 20, 2009) (Godbey, J.) (dismissing § 1681s-2(b) claim when plaintiff failed to allege furnisher of information received notice from credit reporting agency of a dispute); *Ashton v. Sallie Mae, Inc.*, 2010 WL 850984, at *2 (N.D. Tex. Mar. 10, 2010) (Fitzwater, C.J.) (same).

### B.  Mwonga has Failed to State a Claim for RICO Violations.

"RICO makes it unlawful for 'any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.'"  *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 338 (5th Cir. 2021) (quoting 18 U.S.C. § 1962(c)).  RICO "provides a private civil action to recover treble damages for injury 'by reason of a violation of' its substantive provisions." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 481 (1985) (quoting 18 U.S.C. § 1964(c)).

"Regardless of subsection, RICO claims under § 1962 have three common elements: (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Crosswell v. Martinez*, 120 F.4th 177, 185 (5th Cir. 2024) (internal quotation marks and citations omitted).  "Broadly stated, a civil RICO claimant must prove (1) a violation of the substantive RICO statute, 18 U.S.C. § 1962, and (2) an injury to the plaintiff's 'business or property by reason of a violation of section 1962.'" *Alcorn Cnty. v. U.S. Interstate Supplies, Inc.*, 731 F.2d 1160, 1167 (5th Cir. 1984) (quoting 18 U.S.C. § 1964(c)), *abrogated on other grounds by United States v. Cooper*, 135 F.3d 960 (5th Cir. 1998).

6

Under this standard, the plaintiff must plead that "the violation was the but-for and proximate cause of the injury." *Plambeck*, 802 F.3d at 676. Finally, to establish a RICO claim based on a pattern of mail or wire fraud, the plaintiff must plead that the defendant "act[ed] knowingly with the specific intent to deceive for the purpose of causing pecuniary loss to another or bringing about some financial gain to himself." *United States v. Akpan*, 407 F.3d 360, 370 (5th Cir. 2005).

Portfolio Recovery argues that Mwonga has not plausibly alleged that it engaged in a pattern of racketeering activity nor that it participated in the operation or management of an enterprise. Doc. 18 at 8. The Court agrees.

### 1. Mwonga has not alleged a pattern of racketeering activity.

"Racketeering activity" is defined in 18 U.S.C. § 1961, which encompasses certain state and federal crimes. The individual acts or crimes of "'racketeering activity' are known as 'predicate offenses.'" *World of Faith World Outreach Ctr. Church v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996). In the Fifth Circuit, to establish a pattern of racketeering activity, two elements must be met: (1) "predicate acts—the requisite racketeering activity" and (2) "a pattern of such acts." *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993).

The "pattern of acts" element requires a showing of "two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 441 (5th Cir. 2000); *see St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009). While "[r]elatedness is established if the acts have the same or similar purposes, results, participants, victims, or methods of commission[,]" continuity is established by a plaintiff demonstrating: "(1) a 'closed

period of repeated conduct;' or (2) an open-ended period of conduct that 'by its nature projects into the future with a threat of repetition.'" *Malvino v. Delluniversita*, 840 F.3d 223, 231 (5th Cir. 2016) (quoting *J.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 241 (1989)).

Here, Mwonga alleges that the predicate acts of mail and wire fraud provide the basis for the pattern of racketeering needed for a RICO violation. Doc. 16 at 2. A scheme to defraud is measured by a "nontechnical standard," rooted in notions of moral uprightness, fundamental honesty, fair play, and right dealing. *United States v. Bruce*, 488 F.2d 1224, 1229 (5th Cir.1973). Although this standard is broad, a scheme to defraud must involve fraudulent misrepresentations or omissions "reasonably calculated to deceive persons of ordinary prudence and comprehension." *United States v. Netterville*, 553 F.2d 903, 909 (5th Cir. 1977).

Federal Rule of Civil Procedure 9(b)'s pleading requirements apply to RICO claims resting on allegations of fraud, and a plaintiff must plead his fraud-based RICO claims with particularly. *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). Rule 9(b)'s "particularity" standard requires a party to, at a minimum, set forth "allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Crosswell v. Rodriquez*, 120 F.4th 177, 184 (5th Cir. 2024). Generally, such a statement should include the "time, place, and contents of the false representation[ ], as well as the identity of the person making the misrepresentation and what that person obtained thereby." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009) (quoting *United States ex rel. Russell v. Epic Healthcare Mgmt. Group.*, 193 F.3d 304, 308 (5th Cir. 1999)); *see also United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).

Here, even liberally construing Mwonga's Amended Complaint, Mwonga's fraud allegations lack the specificity that Rule 9(b) demands.  Mwonga merely states, in conclusory manner, that Portfolio Recovery committed wire fraud violation by "using credit reporting and reporting false tradelines," and that Portfolio Recovery committed mail fraud violations by "[s]ending collection notices without lawful assignment and misuse of CRA's to collect phantom debt."  Doc. 1 at 4 (mistakes in original).  These allegations fail to allege the time, place, and contents of these false reports and collection notices nor any other specifics of Portfolio Recovery's alleged wrongful actions.  *Crosswell*, 120 F.4th at 184.  Consequently, because Mwonga fails to plead at least two predicate acts supporting his RICO claim, Mwonga has failed to allege a pattern of racketeering activity.[1]

### 2.  *Mwonga has not alleged the existence of an enterprise.*

Mwonga likewise has not sufficiently alleged the existence of an enterprise.  The Court of Appeals for the Fifth Circuit has held that a RICO plaintiff "must plead specific facts, not mere conclusory allegations, which establish the enterprise."  *Crosswell v. Martinez*, 120 F.4th

---

[1] To the extent Mwonga asserts claims for wire fraud independent of any RICO claim, he fails to plausibly state a claim for relief.  The wire fraud act—18 U.S.C. § 1343—and mail fraud act—18 U.S.C. § 1341—are criminal statutes, and there is no private cause of action under them.  *See Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974) ("The wire fraud act, 18 U.S.C. § 1343, is closely analogous to the mail fraud statute, 18 U.S.C. § 1341, and likewise evidences no intent of Congress to grant additional federal question jurisdiction in civil cases."); *Brown v. Anderson*, No. 3:16-cv-620, 2016 WL 6903730, at *4 (N.D. Tex. Oct. 5, 2016) (Toliver, J.), *adopted by* 2016 WL 6893723 (N.D. Tex. Nov. 21, 2016) (dismissing plaintiff's wire fraud claims with prejudice based on *Napper's* holding that "no private cause of action is permitted under the mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343").  Therefore, the Court also should dismiss with prejudice Mwonga's mail fraud and wire fraud claims under 18 U.S.C. §§ 1331 & 1334, if any.

177, 184 (5th Cir. 2024) (citing *Montesano v. Seafirst Com. Corp.*, 818 F.2d 423, 427 (5th Cir.

1987)).  "RICO does not require [that] an enterprise be a separate business-like entity.  Instead,

an association-in-fact enterprise includes 'a group of persons associated together for a common

purpose of engaging in a course of conduct,' and that enterprise can be proved with 'evidence of

an ongoing organization, formal or informal, and by evidence that the various associates function

as a continuing unit.'"  *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 673 (5th Cir. 2015) (citation

omitted) (quoting *Boyle v. United States*, 556 U.S. 938, 944-45, 129 (2009)).  However, "an

enterprise must be more than a summation of predicate acts."  *Ocean Energy II, Inc. v. Alexander

& Alexander, Inc*., 868 F.2d 740, 748 (5th Cir. 1989).

   Here, the extent of Mwonga's allegations is that Portfolio Recovery committed the

alleged predicate acts mentioned *supra* and that Portfolio Recovery "engaged in a pattern of

racketeering activity and Plaintiff suffered financial and reputational injury as a result."  Doc. 16

at 5.  Mwonga has only pleaded conclusory allegations and has not alleged any specific facts that

would establish an enterprise on behalf of Portfolio Recovery.  Accordingly, Mwonga has also

not alleged the enterprise element of a RICO claim.

   ### C.  Mwonga's Defamation and Invasion of Privacy Claims are Preempted by the FCRA.

   Mwonga also alleges defamation and invasion of privacy claims against Portfolio

Recovery.  Portfolio Recovery argues these claims should be dismissed because they are

preempted by the FCRA.  Doc. 18 at 3-5.

   The FCRA provides:

   [N]o consumer may bring any action or proceeding in the nature of defamation,
   invasion of privacy, or negligence with respect to the reporting of information

> against . . . any person who furnishes information to a consumer reporting agency,
> . . . except as to false information furnished with malice or willful intent to injure
> such consumer.

15 U.S.C. § 1681h(e).  Unless a plaintiff alleges that the defendant acted with malice or willful

intent to injure them, state tort claims are preempted by the FCRA.  15 U.S.C. § 1681h(e);

*Shaunfield v. Experian Info. Sol., Inc.*, 991 F. Supp. 2d 786, 800 (N.D. Tex. 2014); *Meisel v.*

*USA Shade & Fabric Structures Inc.*, 795 F. Supp. 2d 481, 488 (N.D. Tex. 2011).

As to his defamation and invasion of privacy claims, Mwonga alleges that Portfolio

Recovery "defamed [Mwonga] by falsely reporting delinquent debt and disclosing private

financial information to third parties with no lawful basis."  Doc. 16 at 3.  Mwonga does not

allege that Portfolio Recovery acted maliciously or willfully in his defamation and invasion of

privacy claims.  The Court finds this insufficient to plausibly state defamation and invasion of

privacy claims that are not preempted by the FCRA.

**D. Mwonga has Failed to State a Claim for "Lack of Standing and Securitization-Based Fraud."**

In Count Five of Mwonga's Amended Complaint, titled "Lack of Standing &

Securitization-Based Fraud," Mwonga contends that his debt was "no longer owned by Capital

One and could not be sold to [Portfolio Recovery]" and that Portfolio Recovery's conduct

violates specific sections of the FCRA, FDPA, Texas Finance Code, and Uniform Commercial

Code §§ 3-101 and 9-203.  Doc. 16 at 4.  Portfolio Recovery argues that Mwonga has not stated

this fraud claim with particularity under FED. R. CIV. P. 9(b).  Doc. 18 at 7.

The Federal Rules of Civil Procedure require "a short and plain statement of the claim

showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the

11

. . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (internal quotation omitted). Based on the complaint, it is unclear under what cause of action Mwonga seeks. Mwonga must give fair notice of the causes of action he wants to advance. *Id.* Neither the court nor the defendant should have to guess under which of many possible theories a plaintiff seeks recovery or to consider every conceivable claim to see if the plaintiff has pled facts to support the elements of the possible claim. Again, it is Mwonga's burden to plead facts that state a claim upon which relief could be granted.

To the extent that Mwonga alleges a claim of fraud against Portfolio Recovery, it fails under Rule 9(b). Mwonga merely alleges without elaboration that Capital One did not own his debt and thus could not sell it to Portfolio Recovery. Doc. 16 at 4. Rule 9(b) requires much more specificity. *See Dorsey*, 540 F.3d at 339 (The Fifth Circuit "interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent"). Additionally, Mwonga's allegations are conclusory and lack the requisite factual support to survive a 12(b)(6) motion. *See Iqbal*, 556 U.S. at 679. Therefore, Mwonga has failed to state a claim of fraud in Count Five.

## IV. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Here, Mwonga previously was granted leave to amend. Doc. 15. Considering Mwonga's *pro se* status, however, Mwonga should be afforded an additional opportunity to amend his complaint to state a claim for relief, if possible. The Court

has not yet entered a scheduling order establishing a deadline to amend, so it finds that it is reasonable to dismiss Mwonga's claims without prejudice to amending his pleadings to cure the deficiencies noted herein.

## V. CONCLUSION

For the foregoing reasons, Defendant Portfolio Recovery Associates, L.L.C.'s *Partial Motion to Dismiss*, Doc. 17, should be **GRANTED**.  To the extent Plaintiff asserts independent claims for mail fraud and wire fraud, those should be **DISMISSED WITH PREJUDICE**. However, Counts Two, Three, Four, and Five should be dismissed **WITHOUT PREJUDICE** and Plaintiff should be afforded an opportunity to amend his Complaint to cure the deficiencies outlined herein  It is respectfully recommended, however, that if Plaintiff fails to file a second amended complaint within 14 days of the presiding district judge's acceptance of this recommendation, upon Portfolio Recovery's re-urging, Plaintiff's claims should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on May 12, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

13

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).